IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, <br> No. R16056, <br>         Plaintiff, <br> vs. <br> DOUG STEPHENS, <br> SANDRA FUNK, and <br> EDWARD W. HUNTLEY, <br>         Defendants. | Case No. 14-cv-01051-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

    Plaintiff Andrew Lamon, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged falsification of evidence and/or discovery materials in connection with another civil rights action pending in this district court, *Lamon v. Schuler*, Case No. 13-1129-JPG-PMF (S.D. Ill. filed Nov. 4, 2013).

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, attached documentation and referenced court records, Plaintiff Lamon filed suit in 2013, alleging that in retaliation for his litigation activities he was transferred from the minimum security Big Muddy River Correctional Center to Shawnee Correctional Center, which Lamon characterizes as a "disciplinary prison." *See Lamon v. Schuler*, Case No. 13-1129-JPG-PMF, Docs. 5, 30. Internal Affairs Officer Harold Schuler and Transfer Coordinator Sandra Funk are named as defendants in that action.

As part of discovery in *Lamon v. Schuler*, the May 2012 Security Reclassification/Escape Risk form, whereby Defendant Transfer Coordinator Sandra Funk overrode the facility assessment and raised Lamon's security level from minimum to medium, was produced in response to a request for production of documents directed at Internal Affairs Officer Schuler (Doc. 1, p. 47). The May 2012 document was also conveyed to Plaintiff by Special Litigation Counsel Edward W. Huntley in response to subpoenas issued to Transfer Coordinator Douglas Stephens and Transfer Coordinator Sandra Funk (Doc. 1, p. 55). However, the two copies of the

document transmitted to Plaintiff are not identical.  The document turned over in response to the request for production does not bear a rationale for Funk overriding the institutional security assessment; in contrast, the document sent by Transfer Coordinator Huntley lists a rationale code indicating that Funk had found "increased

Security appropriate" (*compare* Doc. 1, p. 45 and p. 55).

Rather than, for instance, move for a discovery sanction in *Lamon v. Schuler*, Lamon initiated this action against Transfer Coordinator Stephens, Transfer Coordinator Funk, and Special Litigation Counsel Huntley.  It is alleged that, by falsifying the May 2012 Security Reclassification/Escape Risk form,  Stephens, Funk and Huntley retaliated against Plaintiff for his litigation activity and attempted to deny him access to the Courts in violation of the First Amendment, and denied him due process in violation of the Fourteenth Amendment.  Plaintiff seeks nominal and punitive damages, and for each defendant to be fined or imprisonment under the victim/witness tampering criminal statute.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  Defendants Stephens, Funk and HuntLey denied Plaintiff Lamon access to the Courts in violation of the First Amendment;**
>
> **Count 2:  Defendants Stephens, Funk and Huntley retaliated against Plaintiff Lamon for his litigation activity in violation of the First Amendment; and**
>
> **Count 3:  Defendants Stephens, Funk and Huntley denied Plaintiff Lamon due process in violation of the Fourteenth Amendment.**

**Discussion**

As a preliminary matter, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint as a whole suggests the possible personal involvement of all three named defendants, thereby satisfying a necessary aspect of any Section 1983 claim.

**Count 1**

Count 1 asserts a First Amendment "access to the courts" claim premised upon the defendants' alleged falsification of evidence during the discovery process in *Lamon v. Schuler*—a case that is still pending.

The First Amendment guarantees the right "to petition the Government for a redress of grievances." U.S. CONST., amend. I. "The right of access to the courts is . . . one aspect of the right of petition." *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Judicial access must be adequate, effective, and meaningful. *Bounds v. Smith,* 430 U.S. 817, 822 (1977). So-called "access to the courts" claims can be based upon "a litigating opportunity yet to be gained or an opportunity already lost." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Such claims are "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"—meaning a " 'nonfrivolous,' 'arguable' underlying claim." *Id*. at 415. Relative to backward-looking claims, such as Lamon's, the object "is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other lawsuit in the future." *Id*. at 414. And, as in all cases, actual or imminent harm is required to establish a plaintiff's standing to bring an access to courts action. *Lewis v. Casey*, 518 U.S. 343, 349-350 (1996).

In Lamon's situation, because the underlying case is still pending, he has yet to suffer any actionable harm. He has not lost his case due to the alleged falsification of evidence, and given that he can present the conflicting evidence to the Court in *Lamon v. Schuler*, there is no imminent harm. Therefore, his First Amendment access to the courts claim will be dismissed without prejudice, as it is premature.

### **Count 2**

Count 2 is premised upon another aspect of the First Amendment right to seek redress of grievances: the right not to be retaliated against for exercising one's First Amendment rights. *See Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009).

Although only notice pleading sufficient to satisfy the *Twombly* pleading threshold is required, it is helpful to understand the elements of a First Amendment retaliation claim. To prevail, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).

Suing prison officials is protected activity under the First Amendment (*Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)), and it reasonably appears that the falsification of the document at issue was motivated by either prior litigation activity or the prosecution of *Lamon v. Schuler* itself. Furthermore, the retaliation is not wholly dependent upon the outcome of *Lamon v. Schuler*. Consequently, Count 2 shall proceed.

**Count 3**

Count 3 asserts a Fourteenth Amendment due process claim based on the alleged falsification of evidence. The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty or property without due process of law. U.S.CONST., amend. XIV, sec. 1. In *Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995), the Court of Appeals for the Seventh Circuit indicated that the concealment or obscuring of important facts in a Section 1983 case *can* constitute a due process violation, as well as a First Amendment access to courts claim. *Id*. at 328 (regarding a conspiracy of silence among police aimed at preventing the plaintiff from seeking redress for being shot). Citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1989) (overruled on other grounds), the appellate court noted that the police officers' withholding or obscuring evidence of the identity of the shooter (essentially hiding the shell casings) *could* deny the plaintiff his Fourteenth Amendment right to a fair opportunity to present his claim. *Vasquez*, 60 F.3d at 328. However, Vasquez ultimately did not prevail because he had not suffered a constitutional injury.

As in *Vasquez* and Count 1 in this action, Count 3 is premature, in that no constitutional injury has occurred to Lamon. In *Vasquez*, despite the deplorable nature of the defendant police officers' conduct, the plaintiff's rights were ultimately preserved in the case—the cover-up failed to achieve it's goal. *Vasquez*, 60 F.3d at 329. For these reasons, Count 3 will be dismissed without prejudice as premature.

**Remedies**

Insofar as Lamon seeks to have the defendants fired, as well as criminally prosecuted, fined and/or imprisoned, those remedies are unavailable under Section 1983 and will be dismissed.

**Intradistrict Transfer**

The United States Court of Appeals for the Seventh Circuit has recognized that related cases filed within the same district court should be handled by a single district judge. *See, e.g., Smith v. Check-n-Go of Illinois*, 200 F.3d 511, 513 n.1 (7th Cir. 1999). Because this action and *Lamon v. Schuler*, Case No. 13-1129-JPG-PMF, are so intertwined, the undersigned judge will transfer this case to U.S. District Judge J. Phil Gilbert, and Magistrate Judge Philip M. Frazier will be assigned pursuant to Local Rule 72.1(a)(2). Counsel shall style all further pleadings with the case number 14-cv-1051-JPG-PMF.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, **COUNTS 1 and 3** are **DISMISSED without prejudice**.

IT IS FURTHER ORDERED that **COUNT 2**, the First Amendment retaliation claim, shall otherwise **PROCEED** against Defendants **DOUG STEPHENS, SANDRA FUNK and EDWARD W. HUNTLEY**.

IT IS FURTHER ORDERED that the prayer for termination of employment, criminal prosecution, fines and/or imprisonment are **DISMISSED**.

IT IS FURTHER ORDERED that this case is **TRANSFERRED** to the docket of **U.S. District Judge J. Phil Gilbert**. All future pleadings shall bear the case number **14-cv-1051-JPG-PMF**, until further order of the Court.

The Clerk of Court shall prepare for Defendants **DOUG STEPHENS, SANDRA FUNK and EDWARD W. HUNTLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **U.S. Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**